UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE ARBITRATION ACT
OF 1996 AND IN THE MATTER OF AN
ARBITRATION BETWEEN

| | | |
|---|---|---|
| FIRST INVESTMENT CORPORATION OF | * | CIVIL ACTION |
| THE MARSHALL ISLANDS | * | |
| | * | NO. 09-3663-LMA-SS |
| VERSUS | * | |
| | * | SECTION "I" (AFRICK) |
| FUJIAN MAWEI SHIPBUILDING, LTD. OF | * | |
| THE PEOPLE'S REPUBLIC OF CHINA, | * | MAG. DIV. 1 (SHUSHAN) |
| FUJIAN SHIPBUILDING INDUSTRY | * | |
| GROUP CORPORATION OF THE | * | |
| PEOPLE'S REPUBLIC OF CHINA, AND | * | |
| THE PEOPLE'S REPUBLIC OF CHINA | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM IN SUPPORT OF**
<u>**MOTION TO VACATE JUDGMENT**</u>

MAY IT PLEASE THE COURT:

    This matter is before the Court on the motion of the Fujian Parties to vacate the default

judgment for the failure of plaintiff to follow the clear service requirements under the Hague

Convention and the Foreign Sovereign Immunities Act.  First Investment cannot prove

compliance and admits its failure to comply. The Fujian Parties reply to the issue raised by petitioner First Investment: Since First Investment admits it did not serve the Fujian Parties properly under the Hague Convention and the Foreign Sovereign Immunities Act ("FSIA"), is what First Investment calls "actual notice" good enough?

The New York Arbitration Convention, as codified by the Federal Arbitration Act, requires that actions to enforce an arbitration award be commenced within three years. 9 U.S.C. § 207.[1] The underlying arbitration award was allegedly issued June 19, 2006 (doc. 1 at XVI). In order to give notice of an action, with international parties, the strict dictates of the agreed international treaties must be observed.

### "Actual Notice" is Not Good Enough

It is uncertain what First Investment defines as "actual notice" or how it proves that in the absence of valid service. To avoid this, the Courts have clear standards for service on alien parties. According to the Fifth Circuit, "actual notice of the litigation does not satisfy the requirement of proper service of a summons under Rule 4 . . . ." *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995), *citing Way v. Mueller Brasco*, 840 F.2d 303, 306 (5th Cir. 1988). But First Investment cites another Fifth Circuit case, *Magness v. Russian Federation*, 247 F.3d 609 (5th Cir.), *cert denied*, 534 U.S. 892 (2001), for the proposition that "substantial compliance" with the FSIA is sufficient. *Magness* is limited and distinguishable.

---

[1] For the purposes of the pending Motion, the Fujian Parties do not consider First Investment's characterization of its "Petition" as a "Motion," rather than a "Complaint" or other pleading, but do ask the Court to take notice of this judicial admission should the timely commencement of an action be addressed at a future date.

In *Magness*, "all parties acknowledge[d] that [a] 'special arrangement' existed between the parties in this case, and no applicable 'international convention' authorizes service in any way. Therefore, Section 1608(a)(1-2) and Section 1608(b)(1-2) are inapplicable and not at issue in this appeal." 247 F.3d at 614 n. 11. Thus, the substantial compliance "rule" in *Magness* does not apply where there is an applicable "international convention" that authorizes service.

As noted by the *Magness* court, the provisions for service under §1608 are hierarchal, such that a plaintiff must attempt the methods of service in the order they are laid out in the statute.[2] *Id.* at 613. Assuming, *arguendo*, that Fujian is an agency or instrumentality of a foreign state, service would require attempts in the following order under Section 1608(b): (1) delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or (2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or (3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state--

    (A)    as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

    (B)    by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

---

[2] The Fujian Parties do not agree they are an "instrumentality of a foreign state."

      (C)    as directed by order of the court consistent with the law of the place where service is to be made.

28 U.S.C. §1608(b).

As no "special arrangement" existed, First Investment was first required to serve via the Hague Convention. Instead, counsel for First Investment mailed, via international registered mail, return receipt requested, a Notice of Lawsuit and Request to Waive Service of a Summons, Waiver of the Service of Summons (two copies), a copy of the Petition to Confirm Arbitration Award, and an international courier envelop. *See* Affidavit of Service (Doc. 4). This packet was allegedly mailed directly to Fujian and addressed "Dear Sirs". This does not comport with the procedure outlined in §1608(b) in any manner. Finally, subpart (3) requires translations into the official language of the foreign state which First Investment also failed to provide.

Here, the Hague Convention is the international convention that authorizes service. Unlike the situation in *Magness*, China is a signatory to the Hague Convention. When acceding to the Hague Convention, the People's Republic of China expressly objected to private-mail service, in the manner allegedly done by First Investment. The U. S. State Department cautioned private parties to avoid using private-mail service. *See* State Dept. Circular (Ex. F-2; doc. 8-3). No branch of the U. S. Government has the power to override United States Treaty obligations. "Substantial compliance" is not good enough. First Investment's service is therefore ineffective.

## Conclusion

The Fujian Parties ask the Court to vacate the Judgment as requested in the original Motion to Vacate.

Respectfully submitted,

| | |
|---|---|
| LUGENBUHL, WHEATON, PECK,<br>    RANKIN & HUBBARD<br><br>Of Counsel | s/ Scott R. Wheaton, Jr.<br>SCOTT R. WHEATON, JR., T.A. (Bar No. 13395)<br>DAVID B. SHARPE (Bar No. 20370)<br>MILES C. THOMAS (Bar No. 31342)<br>Suite 2775, Pan-American Life Center<br>601 Poydras Street<br>New Orleans, LA  70130<br>Telephone:  (504) 568-1990<br>Facsimile:   (504) 310-9195<br>Attorneys for Fujian Mawei Shipbuilding Ltd. and<br>Fujian Shipbuilding Industry Group Corp. |

<u>Certificate of Service</u>

    I hereby certify that on April 5, 2010, a copy of the foregoing Reply Memorandum was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Daniel A. Tadros, Adelaida J. Ferchmin, and Joseph B. Marino, III by operation of the Court's electronic filing system.

    s/ Scott R. Wheaton, Jr.
Scott R. Wheaton, Jr. (Bar No. 13395)
LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD
Suite 2775, Pan-American Life Center
601 Poydras Street
New Orleans, LA  70130
Telephone:  (504) 568-1990
Facsimile:   (504) 310-9195
E-mail: srwheaton@lawla.com