UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIRST INVESTMENT CORPORATION**<br>**OF THE MARSHALL ISLANDS**<br><br>**VERSUS**<br><br>**FUJIAN MAWEI SHIPBUILDING,**<br>**LTD. OF THE PEOPLE'S REPUBLIC**<br>**OF CHINA, ET AL.** | **CIVIL ACTION**<br><br>**No. 09-3663**<br><br>**SECTION I** |

### ORDER AND REASONS

Fujian Mawei Shipbuilding Ltd., which is alleged to have been erroneously sued as Fujian Mawei Shipbuilding, Ltd., of the People's Republic of China, and Fujian Shipbuilding Industry Group Corp, which is alleged to have been erroneously sued as Fujian Shipbuilding Industry Group Corporation of the People's Republic of China, (collectively "Fujian respondents") have filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure requesting relief from this Court's January 6, 2010 judgment confirming an arbitration award against those parties and the People's Republic of China.[1] The First Investment Corporation of the Marshall Islands ("First Investment") has filed an opposition. For the following reasons, the Fujian respondents' motion[2] for relief is **GRANTED.**

### LAW & ANALYSIS

**A. Standard of Law**

"Rule 60(b) relief will be afforded only in 'unique circumstances.'" *Pryor v. U.S. Postal*

---

[1] R. Doc. No. 8. The People's Republic of China is also a named defendant in this case. The People's Republic of China was not a party to the arbitration and counsel for the Fujian respondents has asked the Court to take judicial notice of that fact, even though counsel does not represent the People's Republic of China.

[2] R. Doc. No. 8.

1

*Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (quoting *Wilson v. Atwood Group*, 725 F.2d 255, 257, 258 (5th Cir. 1984)). The party seeking relief from a judgment or order bears the burden of demonstrating that the prerequisites for such relief are satisfied. *See Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 127 (2d Cir. 2009). A district court must exercise its sound discretion in deciding a Rule 60(b) motion. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981). Rule 60(b) provides for relief from a final judgment, order, or proceeding in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic),
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

"Rule 60(b)(4) authorizes a court to vacate a judgment as 'void' when personal jurisdiction is lacking. Under such circumstances, this court has determined that 'the district court has no discretion, the judgment is either void or it is not.'" *Magness v. Russian Federation*, 247 F.3d 609, 619 n.19 (5th Cir. 2001) (quoting *Recreational Properties, Inc. v. Southwest Mortgage Serv. Corp.*, 804 F.2d 311, 313-14 (5th Cir. 1986)); *see also Bludworth Bond Shipyard v. M/V Carribean Wind*, 841 F.2d 646, 649 (5th Cir. 1988) ("When . . . a district court lacks jurisdiction over the defendant because of lack of service of process, the judgment is void and,

2

under Rule 60(b)(4), the district court *must* set it aside. . . .") (emphasis in original).

**B. Discussion**

The Fujian respondents filed their Rule 60(b) motion on March 18, 2010, a little over two months after the entry of judgment on January 6, 2010. The Court finds, without any stated opposition, that their Rule 60(b) motion was filed within a reasonable time.

The Fujian respondents seek relief, pursuant to Rule 60(b)(4), from this Court's January 6, 2010 judgment on the ground that such judgment is void because the Fujian respondents were not properly served pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, the Hague Convention, and the Foreign Sovereign Immunities Act ("FSIA").[3] First Investment does not dispute that the Fujian respondents and the Republic of China were not served in compliance with those authorities.[4]

Although First Investment argues that the Fujian respondents and the Republic of China had "actual notice" of the petition to confirm the arbitration award which is the subject of this case, the Court finds that the authority cited by First Investment in support of its argument is distinguishable.[5] Because First Investment failed to properly serve the Fujian respondents and

---

[3] The Fujian respondents also allege that the judgment was obtained by fraud and misrepresentation.

[4] R. Doc. No. 9, p. 4.

[5] In *Magness v. Russian Federation*, 247 F.3d 609 (5th Cir. 2001), the Fifth Circuit held that "the provisions for service of process upon a foreign state or political subdivision of a foreign state outlined in [28 U.S.C. § 1608(a)] can only be satisfied by strict compliance." *Id.* at 616. Service of process on the Republic of China must strictly adhere to the provisions of § 1608(a) and any "actual notice" alleged by First Investment is not sufficient.
  The Fifth Circuit further held that "substantial compliance under section 1608(b), *coupled with actual notice*, can suffice to meet the statutory service requirements for instrumentalities of a foreign state." *Id.* at 617 (emphasis in original). In this case, First Investment has not demonstrated substantial compliance with § 1608(b). Section 1608(b) provides:
  Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:
  (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

the Republic of China, the judgment confirming the arbitration act is void.[6]

First Investment requests an additional opportunity to properly serve the Fujian respondents and the People's Republic of China. The Fujian respondents have not specifically addressed such request. The Court will permit First Investment another opportunity to serve such parties.

Accordingly,

**IT IS ORDERED** that the motion[7] pursuant to Rule 60(b) relief is **GRANTED** and that this Court's judgment confirming the arbitration award is **VACATED** as to all defendants.

**IT IS FURTHER ORDERED** that First Investment is granted until **November 7, 2010** to effect proper service of process on the Fujian respondents and the People's Republic of China.

---

(2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or
(3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state –
(A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or
(B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or
(C) as directed by order of the court consistent with the law of the place where service is to be made.
The parties agree that the Hague Convention is applicable to the parties in this case. The Fujian respondents have made no effort to comply with the service requirements set forth by the Hague Convention. Only where service of process "cannot be made" pursuant to §§ 1608(b)(1)-(2), may First Investment effect service of process pursuant to § 1608(b)(3). First Investment has not shown that service of process cannot be made pursuant to §§ 1608(b)(1)-(2).

The Court further observes that the Fujian respondents dispute that they are agencies or instrumentalities of a foreign state.

[6]The Fujian respondents also request relief pursuant to Rule 60(b)(3) and Rule 60(b)(6). R. Doc. No. 8-1, p. 3. Because the Fujian respondents have demonstrated that Rule 60(b)(4) relief is warranted, the Court does not consider whether relief pursuant to Rule 60(b)(3) and Rule 60(b)(6) would be appropriate. The Court also declines to address whether a motion for default was first required. If necessary, the Fujian respondents may reurge such argument at a later date.

[7]R. Doc. No. 8.

4

**IT IS FURTHER ORDERED** that absent a continuance of the deadline set forth above by this Court, if evidence of service of process is not entered into the record within such deadline, the above-captioned case will be dismissed.

**IT IS FURTHER ORDERED** that First Investment shall notify the Court in writing no later than five days after service of process has been timely and properly effected.

New Orleans, Louisiana, August 7, 2010.

                                                                   _____
                                                                   **LANCE M. AFRICK**
                                                                   **UNITED STATES DISTRICT JUDGE**