UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIRST INVESTMENT CORPORATION**<br>**OF THE MARSHALL ISLANDS** | **CIVIL ACTION**<br>**No. 09-3663** |
| **VERSUS** | **SECTION I** |
| **FUJIAN MAWEI SHIPBUILDING, LTD.**<br>**OF THE PEOPLE'S REPUBLIC OF**<br>**CHINA, ET AL.** | |

### ORDER AND REASONS

Before this Court is a motion[1] for reconsideration and relief from judgment filed by respondents, Fujian Mawei Shipbuilding Ltd. and Fujian Shipbuilding Industry Group Corp. (collectively, the "Fujian respondents"). Petitioner, First Investment Corporation of the Marshall Islands, acquiesces[2] to setting aside the default judgment solely against the Fujian respondents in exchange for waiver of any service-related objections, but opposes setting aside the default judgment against the People's Republic of China ("China").

### *BACKGROUND*

On March 23, 2011, the Court ordered that the final arbitration award dated June 19, 2006 be confirmed and the Court entered judgment against the Fujian respondents and China. The parties have agreed to have the Court set aside the default judgment against the Fujian respondents, but an issue remains as to whether the Court should set aside the default judgment against China.

---

[1] R. Doc. No. 24.
[2] R. Doc. No. 34.

China has not made an appearance in this case. Instead, the Fujian respondents argue on behalf of China that China enjoys sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA") and, therefore, China is immune from this action. "Parties other than a foreign sovereign ordinarily lack standing to raise the defense of sovereign immunity." *Aquamar S.A. v. Del Monte Fresh Produce N.A., Inc.*, 179 F.3d 1279, 1290 (11th Cir. 1999); *see also Wilmington Trust v. U.S. Dist. Court for Dist. of Hawaii*, 934 F.2d 1026, 1033 (9th Cir. 1991) ("Congress intended requests for protection under the FSIA to originate from the foreign state party."); *Republic of Philippines v. Marcos*, 806 F.2d 344, 360 (2d Cir. 1986) (holding that parties in the case did not have standing to raise sovereign immunity on behalf of another party); *Didi v. Destra Shipping Co., Ltd.*, 1993 WL 232075, at *2 (E.D. La. Jun. 17, 1993) ("A party other than the alleged foreign state generally does not have standing to assert the defense of sovereign immunity as it relates to that foreign state."). "When the court's jurisdiction rests on the presence of the foreign sovereign, however, the court may address the issue independently." *Aquamar*, 179 F.3d at 1290 (citing *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 488-89 (1983) ("even if the foreign state does not enter an appearance to assert an immunity defense, a District Court still must determine that immunity is unavailable under the [FSIA]").

In this case, the Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, because petitioner seeks to enforce a foreign arbitral award under 9 U.S.C. § 203. Since the Court's federal jurisdiction in this case does not depend on China's presence, the Court concludes that the Fujian respondents lack standing to raise the defense of sovereign immunity on behalf of China. *Cf. Aquamar*, 179 F.3d at 1290 ("Because federal jurisdiction depended upon [the sovereign entity's] presence, the fact that plaintiffs, rather than [the sovereign entity], raised the issue of sovereign immunity did not foreclose the district court's inquiry.").

However, a default judgment against China must be entered in accordance with 28 U.S.C. § 1608(e), which requires that, "[n]o judgment by default shall be entered by a court of the United States or of a State against a foreign state…unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." Given the Fujian respondents express intent to challenge the validity of the arbitration award itself, this Court finds that a default judgment against China is inappropriate at this juncture.

For the foregoing reasons,

**IT IS ORDERED** that the Fujian respondents' motion for reconsideration and relief from judgment is **GRANTED** and the Court's previous order[3] is **VACATED**.

**IT IS FURTHER ORDERED** that the unopposed motion[4] for an extension is **GRANTED**. The Fujian respondents shall answer or file responsive pleadings no later than July 11, 2011.

**IT IS FURTHER ORDERED** that an entry of default is entered with respect to the People's Republic of China. Petitioner may move for a default judgment against the People's Republic of China in accordance with 28 U.S.C. § 1608(e) following resolution of the Fujian respondents' objections to the validity of the arbitration award.

New Orleans, Louisiana, June 27, 2011.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[3] R. Doc. No. 23.
[4] R. Doc. No. 39.